1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16

| ROBERT WILLIAM BALL, | ) | No. C 06-6480 JSW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PENDING |
| | ) | MOTIONS AND SCHEDULING |
| v. | ) | ORDER |
| | ) | |
| CURRENT WARDEN OF SAN | ) | (Docket No. 2) |
| QUENTIN, CHIEF DEPUTY WARDEN, | ) | |
| CORRECTIONAL SERGEANT | ) | |
| MARQUEZ, CORRECTIONAL | ) | |
| LIEUTENANT FULLER AND JAMES | ) | |
| TILTON, SECRETARY OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

17

## INTRODUCTION

18          Plaintiff, a prisoner of the State of California, formerly incarcerated at San

19   Quentin State Prison, filed a civil rights action in the Marin County Superior Court,

20   complaining of violations of his civil rights while incarcerated there.  Defendants

21   removed the action and filed a motion seeking screening of the complaint under 28

22   U.S.C. § 1915A, which is now GRANTED (docket no. 2).  The Court has reviewed

23   Plaintiff's complaint and will order the claims regarding excessive force served as to

24   Defendant Marquez.

25                              **STATEMENT OF FACTS**

26          Plaintiff alleges that on June 30, 2005, he approached Correctional Sergeant

27   Marquez at San Quentin State Prison and asked why he had not been released as "my

28   release date had come days before" and Defendant Marquez failed to respond.  Plaintiff

alleges that after several days of this, when Plaintiff told Marquez that he was going to find the Lieutenant, Defendant Marquez rushed him from behind, twisted his arm behind his back, shoved him into the Sergeant's office where he slammed him into a wall against several sharp objects.  Plaintiff seeks damages.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S.

2

294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing *Wilson*, 501 U.S. at 297); *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993). Plaintiff's allegations against Defendant Marquez are sufficient to warrant a response. All other Defendants are dismissed, as Plaintiff has failed to allege any specific conduct which forms a basis for liability on their part and it is well established that there is no respondeat superior liability under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984); *accord Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto and a copy of this order upon: **Defendant R. Marquez at** the Richard A. McGee Correctional Training Center, 9850 Twin Cities Road, Galt, California[1]. The Clerk shall also serve a copy of this order on Plaintiff. All other Defendants are dismissed and the Clerk shall terminate them as Defendants in this action.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

---

[1]Defendants' counsel has informed the Court that Defendant Marquez was not served at San Quentin State Prison because this Defendant had transferred to the Academy in Galt. Therefore, the Court has ordered service on Defendant Marquez there.

1       **Defendant is advised that summary judgment cannot be granted, nor**

2 **qualified immunity found, if material facts are in dispute.  If defendant is of the**

3 **opinion that this case cannot be resolved by summary judgment, he shall so inform**

4 **the Court prior to the date the summary judgment motion is due**.

5       All papers filed with the Court shall be promptly served on the Plaintiff.

6       b.  Plaintiff's opposition to the dispositive motion shall be filed with the

7 Court and served on Defendant no later than **thirty (30) days** from the date Defendant's

8 motion is filed.  The following notice is for the benefit of all pro se litigants:

9       The defendants have made a motion for summary  judgment
by which they seek to have your case dismissed.  A motion for
10 summary judgment under Rule 56 of the Federal Rules of Civil
Procedure will, if granted, end your case.
11       Rule 56 tells you what you must do in order to oppose
a motion for summary judgment.  Generally, summary
12 judgment must be granted when there is no genuine issue of
material fact--that is,  if there is no real dispute about any fact
13 that would affect the result of your case, the party who asked
for summary judgment is entitled to judgment as a matter of
14 law, which will end your case.  When a party you are suing
makes a motion for summary judgment that is properly
15 supported by declarations (or other sworn testimony), you
cannot simply rely on what your complaint says.  Instead,
16 you must set out specific facts in declarations, depositions,
answers to interrogatories, or authenticated documents, as
17 provided in Rule 56(e), that contradict the facts shown in the
defendant's declarations and documents and show that there
18 is a genuine issue of material fact for trial.  If you do not
submit your own evidence in opposition, summary judgment,
19 if appropriate, may be entered against you.  If summary
judgment is granted in favor of defendants, your case will be
20 dismissed and there will be no trial.

21 *Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

22       Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

23 *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary

24 judgment must come forward with evidence showing triable issues of material fact on

25 every essential element of his claim).

26       c.  Defendant shall file a reply brief no later than **fifteen (15) days** after

27

28           4

1   Plaintiff's opposition is filed.

2          d.  The motion shall be deemed submitted as of the date the reply brief is

3   due.  No hearing will be held on the motion unless the Court so orders at a later date.

4          3.  Discovery may be taken in accordance with the Federal Rules of Civil

5   Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or

6   Local Rule 16 is required before the parties may conduct discovery.

7          4.  Extensions of time are not favored, though reasonable extensions will be

8   granted.  Any motion for an extension of time must be filed no later than **five** days prior

9   to the deadline sought to be extended.

10          5.  All communications by Plaintiff with the Court must be served on Defendant,

11   or Defendant's counsel once counsel has been designated, by mailing a true copy of the

12   document to Defendant or Defendant's counsel.

13          6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

14   Court informed of any change of address and must comply with the Court's orders in a

15   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

16   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

17          IT IS SO ORDERED.

18   DATED:  April 10, 2007

19   _____

20   JEFFREY S. WHITE
     United States District Judge

21

22

23

24

25

26

27

28